UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD O. FAZEL,<br><br>Plaintiff,<br><br>vs.<br><br>DR. BOYD, M.D.; CARLA STEPPAT, INDIVIDUAL AND OFFICIAL CAPACITY; SASHA LABRENZ; INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN K. BENNETT, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:21-CV-04219-LLP<br><br>ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF AS MOOT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff, Donald O. Fazel, an inmate at the Yankton Federal Prison Camp, filed a pro se lawsuit under 28 § U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Doc. 1. This Court screened Fazel's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service on defendants in part. Doc. 17. Specifically, Fazel's Eighth Amendment *Bivens* claim for deliberate indifference to serious medical needs against Steppat and Labrenz in their individual capacities and his Fifth Amendment equal protection *Bivens* claim against Steppat in her individual capacity survived § 1915A screening, and Fazel's remaining claims were dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Id.* at 25. Fazel has now filed an emergency motion for injunctive relief in which he also moves for the appointment of counsel. Doc. 15.

I. **Emergency Motion for Injunctive Relief**

1

Fazel alleges that defendants have continued to harass him and retaliate against him. *Id.* at 1-2. He alleges that he has been incarcerated past his home confinement date in retaliation for filing this lawsuit. *Id.* at 1. He also alleges that defendants "have engaged and continue to engage in over 7 isolated acts of malicious and vindictive punishment and retaliation towards [him]" and that this has caused "extreme, emotional, physchological [sic] and physical duress and depression, resulting in diminishing physical health, sleep disorder, eating disorder, and mental and physical suffering." *Id.* at 1-2. Fazel requests an injunction prohibiting defendants from "any further contact, harrasment [sic], [and] retaliation[.]" *Id.* at 1. He also requests his immediate release. *Id.*

Fazel was released to home confinement on or around May 3, 2022. Doc. 18 at 1. "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Fazel is no longer incarcerated at the Yankton Federal Prison Camp and is no longer subject to the conditions for which he seeks injunctive relief. Thus, his emergency motion for injunctive relief, Doc. 15, is denied as moot.

## II. Motion to Appoint Counsel

In his emergency motion for injunctive relief, Fazel asks the Court "to provide and appoint [c]ounsel as soon as possible[.]" Doc. 15 at 2. This Court construes Fazel's request as a motion to appoint counsel. *See id.* "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* At this time, Fazel's claims do not

2

appear to be too complex, and Fazel is able to investigate the facts and present his claims adequately. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury. Thus, this Court denies Fazel's motion to appoint counsel.

Accordingly, it is ORDERED:

1. That Fazel's emergency motion for injunctive relief, Doc. 15, is denied as moot.

2. That Fazel's motion for appointment of counsel, Doc. 15, is denied.

Dated this 15th day of February, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK